UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

TYRA DIXON,                                    *
                                               *
        Plaintiff,                             *
                  v.                           *
                                               *   Civil Action No. 20-30020-MGM
MICHAEL KORS RETAIL, INC. AND                  *
CESAR DALAZA,                                  *
                                               *
        Defendants.                            *


MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION TO DISMISS AND COMPEL ARBITRATION
(Dkt. No. 6)


June 19, 2020


MASTROIANNI, U.S.D.J.

        Plaintiff filed this suit alleging claims arising from her employment with Defendant, Michael

Kors (USA), Inc. ("Michael Kors"). Defendants assert Plaintiff waived her right to litigate such

claims by agreeing to be bound by the terms of a "Mutual Agreement to Arbitrate Claims"

(Arbitration Agreement). Michael Kors drafted the Arbitration Agreement and presented it to

Plaintiff electronically, along with a variety of other documents, through an online, onboarding

process she was required to complete after being hired, but before actually starting her employment

with Michael Kors. Plaintiff asserts the Arbitration Agreement is not binding on her because (1) the

formatting in the electronic onboarding system was not sufficiently conspicuous and (2) there is

insufficient evidence of her assent to the terms of the arbitration agreement. For the reasons that

follow, the court agrees with Plaintiff as to her second argument and will deny Defendants' Motion to Dismiss and Compel Arbitration. (Dkt. No. 6.)

"The [Federal Arbitration Act] makes arbitration agreements 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426 (2017) (quoting 9 U.S.C. § 2). When determining whether an arbitration agreement exists, courts apply the same state-law principals generally governing contract formation. *Cullinane v. Uber Techs., Inc.*, 893 F.3d 53, 61 (1st Cir. 2018) (applying Massachusetts law). Under Massachusetts law, agreements made online are enforceable provided there is "'[r]easonably conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to those terms.'" *Id.* (quoting *Ajemian v. Yahoo!, Inc.*, 987 N.E.2d 604, 611-15 (Mass. App. Ct. 2013)(alteration in original)). The burden of proving both requirements is on the proponent of the arbitration agreement. *Id.* at 60. Case law sets a low bar, but the requirements cannot simply be ignored.

For example, in *Cullinane*, the First Circuit recognized that the requirement for conspicuous notice can be met by merely including a hyperlink to a document, even a lengthy one, that contains arbitration provisions, but ruled the defendant had not met its burden because the hyperlink was not sufficiently conspicuous. *Id.* at 62-64. The court specifically noted that although standard formatting – blue, underlined text – exists for hyperlinks, the defendant had elected not to use the standard formatting for the link to the terms of service. *Id.* at 63. The defendant's design choice created an unnecessary ambiguity as to whether reasonable users would have recognized the existence of the hyperlink. *Id.* As a result, even though a hyperlink could be used to provide conspicuous notice, the First Circuit determined the defendant's hyperlink had failed to provide conspicuous notice. *Id.* 64.

Similarly, the Massachusetts Supreme Judicial Court has recognized that a personnel manual can become part of an employee's contract, but the actions required to demonstrate employee assent

will depend on the wording in the manual and the circumstances of its delivery. *O'Brien v. New England Tel. & Tel. Co.*, 664 N.E.2d 843, 848 (Mass. 1996) (describing various ways the terms of a personnel manual could become part of an employee's contract). Unambiguous assent does not require a signature, written or electronic, and "clicking a box on a computer screen" can be sufficient. *Campbell v. Gen. Dynamics Gov't Sys. Corp.*, 407 F.3d 546, 557 (1st Cir. 2005). Assent can even be demonstrated without any acknowledgment on the part of an employee in certain circumstances. For example, if an employee has signed an agreement stating "my continued employment constitutes my agreement that [future employee handbook] changes apply to me," the employee will be deemed to have accepted later changes to the handbook that were adequately communicated to them, simply by continuing their employment. *Daniels v. Raymours Furniture Co., Inc.*, No. 13-11551-MLW, 2014 WL 1338151, at *4-6 (D. Mass. Mar. 31, 2014). Continued employment can even manifest acceptance without a prior agreement where an employee receives a clearly worded policy stating their continued employment will be deemed an acceptance of its terms, so long as the employee is given adequate notice that the"[p]olicy contain[s] contractually binding terms" and "the employer [will] treat continued employment as an acceptance of those terms." *Campbell*, 407 F.3d at 557-58.

After reviewing the screen shots and representations provided by Defendants, and not challenged by Plaintiff, the court concludes Defendants have met their burden with respect to the first requirement, providing Plaintiff with reasonably conspicuous notice of the Arbitration Agreement. The title, "Mutual Agreement to Arbitrate Claims," accurately described the contents of the Arbitration Agreement. The hyperlink was clearly identified through use of the standard format of blue, underlined text and an accompanying bright orange image of a document displaying the letters PDF. *See Cullinane*, 893 F.3d at 63. Finally, the hyperlink took a user directly to a four-page

document formatted with short headings summarizing each relevant provision and easily read in its

entirety.

Turning to the second requirement, unambiguous assent, the existence of conspicuous

notice is not sufficient to establish unambiguous assent. In this case, despite the conspicuousness

and clarity regarding the Arbitration Agreement and its terms, the court finds Defendants have not

met their burden of establishing an "unambiguous manifestation" of Plaintiff's assent to the terms.

The issue is not whether Plaintiff checked a box. The court credits Defendants' offer of proof,

undisputed by Plaintiff, that someone with access to her personal email address checked the "I

agree" box below the Arbitration Agreement link at 1:23 p.m. on April 25, 2017. The critical

question is whether there was ambiguity about what checking the box signified.

As shown in the screen shots attached by Defendants, a "Signature Statement" appears

between the link to the Arbitration Agreement and the "I agree" checkbox. The Signature Statement

reads: "Please acknowledge the receipt of this document and your understanding of the policies

contained therein." (Aff. Samantha Maione, Dkt. No.7-1 at 3.)  On its face, the Signature Statement

does not state that a check in the "I agree" box designates agreement or acceptance of the terms of

the Arbitration Agreement, only an acknowledgment of receipt and understanding of its terms. The

text of the linked Arbitration Agreement does not resolve the ambiguity because it is not drafted as a

self-executing policy, but rather as an agreement that only becomes binding when signed by an

employee and employer. The document contains blanks left for an employee to fill in their name and

a blank employee signature block above a signature for Michael Kors. Preceding the signature block

is a statement specifying that "EMPLOYEE HAS SIGNED THIS AGREEMENT IN

CONSIDERATION OF EMPLOYMENT . . . EMPLOYEE UNDERSTANDS THAT BY

ENTERING INTO THIS AGREEMENT smE [sic] IS WAIVING ANY RIGHT TO A TRIAL

BY JURY." (Arbitration Agreement, Dkt. No. 7-2 at 4.) The Arbitration Agreement does not

4

include language stating that an employee would be deemed to have accepted the terms of the agreement, without signing it, simply by continuing her employment. *See Campbell*, 407 F.3d at 557-58 (describing the conditions in which continued employment can signal acceptance). Nor have Defendants pointed to other language that establishes Plaintiff had agreed to be bound by the terms of the Arbitration Agreement without signing it. *See Daniels*, 2014 WL 1338151 at *4-6 (finding acceptance of new employer handbook provisions by employee who had previously agreed to accept future updates simply by continuing his employment). Together, the shortcomings of the Signature Statement and format of the Arbitration Agreement reinforce the idea that assent to the terms of the Arbitration Agreement requires an employee signature.

The use, elsewhere in the same online process, of an alternative signature statement that does reference an electronic signature and formation of a legally binding agreement demonstrates that, like the defendant in *Cullinane*, Michael Kors could have designed the online process without creating an ambiguity. That alternative signature statement reads: "By clicking on this box you agree to the terms and conditions outlined by this agreement. This is a legally binding agreement." (Aff. Samantha Maione, Dkt. No.7-1 at 4.) The contrast between the clarity of that language and the language in the Arbitration Agreement Signature Statement creates further ambiguity. As a result, within the full context of the online process, a reasonable person could have been confused about whether a check in the "I agree" box signified only that the person had received and read the Arbitration Agreement or also that they assented to be bound by its terms. The court recognizes that, as a practical matter, a new employee's decision to check the "I agree" box was unlikely to change based on the wording of the Signature Statement, but it is also likely true that whether the link was conspicuous, the plaintiffs in *Cullinane* would have behaved the same. Under Massachusetts law, Defendants, as the party seeking to enforce an arbitration agreement, bear the burden of demonstrating conspicuous notice and *unambiguous* assent. A defendant does not meet this burden

where their own drafting or design choices unnecessarily create an ambiguity. The court therefore finds no agreement to arbitrate exists here because Defendants have not met their burden of establishing unambiguous assent to the terms of the Arbitration Agreement. Defendants' Motion to Dismiss and Compel Arbitration (Dkt. No. 6) is, therefore, denied.

It is so Ordered.

 /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge